The opinion of the court was delivered by
Poché, J.
The question involved in this controversy grows out of the decision of this court in the same succession, reported in the 41st of our Annuals, page 247.
■ In that case the main question under discussion involved the proper distribution of the residuum of the property after the payment of debts and the satisfaction of special legacies, under the will of the deceased, dated December 15, 1884.
On that point the decision of the court was to the effect that the residuum of the estate had not been disposed of by the testatrix, and that it should go to her heirs-at-law in equal shares.
On the part of Mrs. Josephine Hamilton and of Mrs. Lucie E. • Roder, it was there contended that under a proper construction of the will they had been instituted residuary legatees, and that as such they were entitled to the residuum of the succession.
Subsequently to the rendition of our judgment, the same parties opposed the distribution of said residuum by the execute?.’ under the terms of our decree, on the ground that by the dispositions of a will of the deceased, of date March 11, 1884, which they had in the meantime caused to be probated, they were entitled, as residuary legatees, to the balance of the funds in the hands of the executor.
Their opposition was met by Mrs. A. H. Crictton, one of the four heirs-at-law of the deceased, by;
1. An exception of estoppel by res judicata; 2. In the alternative, the defence that the will of the 11th of March, 1884, in so far as it tended to institute residuary legatees, had been revoked by the will of December 15, 1884, which had been probated, and had been recognized by opponents themselves as the only and last will of the deceased, and which contained no such disposition.
*42 Opponents prosecute this appeal from a judgment which dismissed their oppositions.
I.
By agreement between the parties the record of the case previously decided by this court is made part of the transcript in the present controversy.
From that record it appears that the will of March 11, 1884, was offered in evidence in the previous case, and in argument here, both in brief and orally, certain dispositions in that will were held up by opponent’s counsel as indicating the intention of the testatrix to institute the then, and the present, opponents as her residuary legatees. And in determining the issue then tendered, the court considered together the clauses in the two wills which were set up by opponents as containing the intention of making a testamentary disposition of the whole estate.
It was conceded on all sides,, and it was considered by the court, that the clause of the will of December 15, 1884, which was the main subject of discussion in our opinion, was somewhat ambiguous, and hence the court was invited and requested by opponents’ counsel to invoke the meaning of the corresponding clause in the will of March 11, 1884, as a guide to properly interpret the will of the testatrix touching the residuum of her estate.
The argument was so pointed and strenuous that any doubt on the subject, resulting from the language used in the will of December, would be quickly dispelled by reference to the corresponding clause in the will of March, 1884.
Referring to that clause, opponents’ counsel said in their brief: “This language is, to our minds, clear and in accord with the construction given by the court (a qua). The other wills made by Mrs. Bobb, one made during the same year, and the other made a year before, substantially agree with the will probated.” * *
Now, this assertion is either true in law and in fact, or the corresponding clauses in the wills of March, and of December, 1884, clashed with each other on the subject of the residuum of the estate. As stated, both wills were before the court, and both were construed in the decision of the mooted question. If the clauses of the respective wills agree on the subject, the decision of the court must be construed as holding that the residuum was not disposed of by either will. If they clashed, and were therefore incompatible or entirely different, the decision of the court must be construed as meaning that the dis *43 position in the prior will had been revoked by the disposition on the same subject contained in the “posterior testament.” O. O. 1693.
And it is clear that under either horn of the dilemma, the present opponents, who were opponents there, contending for the same relief, invoked under the posterior testament, propped and supported by an invoked construction of the prior will, must be estopped from again presenting the identical issue for judicial determination.
II.
It is true that in its opinion the court makes no reference to the' prior will, and restricts the discussion to the posterior or last testament, but the record shows that both wills were before the court, and ■the fact is that in dealing exclusively with the will of December 15, -1884, the court considered that as the sole will of the deceased, and that from its whole tenor as compared with the previous wills, it appeared clearly to have been intended by the testatrix to have been made in lieu, and to have been substituted in the place, of all other and prior wills made by her, all of which had been thus and thereby revoked and annulled.
We are satisfied from an inspection of all the proceedings had in this succession, and from a comparison of the various wills with each other, that such is the case, and that such was the understanding of all parties from the incipiency of the differences and troubles which -have grown out of this succession. Hence it was that these opponents, while they offered the prior wills in evidence in the first suit, and ■sought to fortify their position, by means of such wills as guides for ■construction of the last will, never thought of seeking to probate the will of March 11, 1884, until they had reaped all the advantages of ■special legacies from the posterior testament, and until it had been .judicially determined that they could not, in addition, be recognized as residuary legatees under its terms.
We therefore conclude that their oppositions were properly dismissed.
Judgment affirmed.